John R. Keough, III (JK 6013)
Cody D. Constable (CC 6659)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for Plaintiff
111 Broadway, 4th Floor
New York, New York  10006
(212) 227-3550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                   ECF CASE
------------------------------------------------------------------X
EDWARD WALSH,
                                                                                07 Civ.  3729 (VM)(HP)
                                       Plaintiff,

            -against-

WOR RADIO, a/k/a BUCKLEY BROADCASTING
COMPANY,

                                       Defendant.
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR
<u>STAY PENDING ARBITRATION</u>**

 

**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
ATTORNEYS FOR PLAINTIFF
111 BROADWAY, 4TH FLOOR
NEW YORK, NEW YORK  10006
(212) 227-3550

**Preliminary Statement**

Plaintiff Edward Walsh respectfully submits this memorandum of law in opposition to the motion by defendant WOR Radio (Buckley Broadcasting Company, appearing as Buckley Broadcasting Corporation) ("WOR") to dismiss or to stay this action pending arbitration.

Mr. Walsh, the former host of a radio program on the staff of WOR Radio 710 AM in New York City, commenced this action on May 11, 2007 to recover damages caused by WOR's breach of an oral contract of employment. WOR denies that the oral contract is valid, but nonetheless contends that it includes an agreement to arbitrate.

Misstating four paragraphs (6, 7, 8 and 10) of the complaint, WOR alleges that the oral contract referred to a collective bargaining agreement for staff announcers and newspersons ("CBA"), and argues that the CBA requires Mr. Walsh to arbitrate his claim for WOR's breach of the contract. (WOR's Memorandum of Law at 3) At the same time, however, WOR contends Mr. Walsh was *not* covered by the CBA as a staff announcer and that the CBA does *not* apply to Mr. Walsh. This contention squarely contradicts WOR's contention that the CBA arbitration clause applies here. In short, WOR's failure to allege or show that Mr. Walsh is a staff announcer covered by the CBA precludes its reliance on the CBA's arbitration agreement.

WOR acknowledges that, on November 22, 2006, Mr. Walsh and the union, The American Federation of Television and Radio Artists, AFL-CIO, New York Local ("AFTRA'), on his behalf had commenced arbitration against WOR on the claim. (Mr. Walsh started the arbitration to protect the time for doing so in case arbitration applied. WOR has not notified Mr. Walsh that it is appearing to defend the arbitration, and Mr. Walsh has taken no further steps in the proceeding.) However, WOR fails to inform the Court that Mr. Walsh had been prepared to

arbitrate his claim until WOR alleged that AFTRA's CBA for staff announcers does not cover him. If WOR's stated position is accepted, then the arbitration clause in that CBA would not apply to Mr. Walsh. As the CBA constitutes the predicate for any alleged agreement to arbitrate, no arbitration provision would apply here.

If WOR stipulates that Mr. Walsh is a staff announcer covered by that AFTRA contract, Mr. Walsh will proceed with the arbitration and agree to stay this action.

On the other hand, if WOR disputes that under the oral agreement Mr. Walsh is a staff announcer, then no arbitration agreement applies to plaintiff's claims.

## FACTS

The complaint alleges the following facts:

WOR employed Mr. Walsh as a radio program host pursuant to the valid terms of a written contract of employment for a period of three (3) years from September 26, 2003.

On or about August 10, 2006, WOR, by its general manager, Robert Bruno, entered into a valid and binding oral contract of employment with Mr. Walsh for employment to begin on or about September 25, 2006 (the "Contract").

In exchange for an agreed salary and other consideration, WOR and Mr. Walsh agreed under the Contract that WOR would employ Mr. Walsh as a radio program host for a period of three (3) years from September 25, 2006, and that Mr. Walsh would be entitled to four (4) weeks of vacation during each year of employment and other benefits.

About two weeks later, on August 25, 2006, WOR wrongfully terminated Mr. Walsh's employment as of September 22, 2006, thereby breaching the Contract.

Mr. Walsh seeks to recover damages caused by WOR's breach of contract, including but not limited to severance, health and retirement benefits, and vacation, in a sum of approximately at least $1,600,000, plus interest, costs and attorneys' fees.

**Argument**

**I.**

**AS A MATTER OF LAW, DEFENDANT FAILS TO SUSTAIN ITS BURDEN OF PROVING AN AGREEMENT TO ARBITRATE.**

On the instant motion, all facts alleged in the complaint are deemed true. *Baker v. Pataki*, 85 F.3d 919, 922 (2d Cir. 1996) (*en banc*). Contrary to WOR's contention, no evidence supports the assertion that WOR's Mr. Bruno and WOR deny the allegations "emphatically." They have not yet filed an answer denying the allegations in the complaint; those allegations thus must be deemed true here.

Under New York law, "[i]t is settled that a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes.'" *Waldron v. Goddess*, 61 N.Y.2d 181, 183 (1984) (*quoting Shubtex, Inc. v. Allen Snyder, Inc.*, 49 N.Y.2d 1, 6 (1979)). Here, WOR's evidence fails to establish such an agreement.

WOR's reliance on the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.,* is unavailing, as the requirement of an agreement to arbitrate "in writing" is not established or alleged here.

As the New York Court of Appeals stated in finding no agreement to arbitrate in *Waldron*, "[a]bsent a clearly expressed intention to renew the arbitration agreement contained in

the otherwise expired employment contract or to adopt one contained elsewhere," an employee is not bound to arbitrate. 61 N.Y.2d at 185-86.

Here, WOR incorrectly contends that the CBA contains an arbitration agreement binding on Mr. Walsh. However, the CBA "applies, and is limited in its application, to staff announcers and staff newspersons [employed by WOR] . . ." (WOR's Exhibit B, Article I(a)) WOR has failed to allege or show that Mr. Walsh was either a staff announcer or a staff newsperson covered by the CBA. It is undisputed that he was not a staff newsperson. If Mr. Walsh is not allegedly a staff announcer, then the CBA would not apply. In fact, WOR has previously alleged that Mr. Walsh was *not* a staff announcer. (Keough Decl., ¶ 3)

Further, the CBA's arbitration provision (Article X(c)) limits arbitration to "any controversy or dispute between a staff announcer . . . and the Company arising out of or connected with this Agreement or the employment by the Company of a staff announcer . . . ." Thus, absent a showing that Mr .Walsh is a staff announcer, that clause does not apply here and no arbitration is required.

WOR's reliance on Side Letter 5 to the CBA is misplaced. By its express terms, the side letter "supplements" the CBA. If the CBA does not apply, as WOR alleges, the side letter "supplements" nothing, lacks a predicate and likewise has no application here. The side letter states in relevant part: "With reference to program hosts and talent employed on WOR-AM, *the Company shall*, for the term of this Agreement, abide by the terms and conditions of the National Codes of Fair Practice and Local Codes where applicable." (WOR's Exhibit B, Side Letter #5) (emphasis added) Even if the side letter applies, this language states merely that WOR, not its employees, must abide by such terms and conditions.

4

Moreover, even if such Codes were to apply, no arbitration clause of the Codes applies here. The arbitration clause on which WOR relies states:

> All disputes and controversies of every kind and nature whatsoever between any Producer and AFTRA or between any Producer and any member of AFTRA, arising out of or in connection with this Code, and any contract or engagement (whether overscale or not, and whether at the minimum terms and conditions of this Code or better) in the field covered by this Code as to the existence, validity, construction, meaning, interpretation, performance, non-performance, enforcement, operation, breach, continuance, or termination of this Code and/or such contract or engagement shall be submitted for resolution in accordance with the following grievance and arbitration procedures:

(WOR's Exhibit C, ¶ 60)

This provision is unintelligible, and is ambiguous at best. Nor do its terms cover the instant matter. There is no dispute or controversy here "between any Producer and AFTRA, arising out of or in connection with this Code . . . ." The language of the clause after the phrase, "arising out of . . . this Code," makes no sense and in any event has no application here. It reads: "[A]nd any contract or engagement . . . as to the existence, validity . . . or termination of this Code and/or such contract or engagement shall be submitted . . . ." Nor is there a showing that the unauthenticated and unsigned copy of the National Codes of Fair Practice relied upon by WOR remains in effect in any event.

At page 7, defendant incorrectly argues that plaintiff must arbitrate under the written agreement. However, no claim or defense is alleged under the expired written agreement. The instant dispute does not arise from that written agreement; rather, WOR here disputes the validity of the subsequent, oral agreement alleged by Mr. Walsh.

5

## CONCLUSION

WOR has failed to allege that Walsh is a staff announcer covered under the CBA, and therefore the arbitration agreement contained in the CBA cannot apply to Walsh. WOR has failed to sustain its burden of proving that the contract at issue is subject to arbitration. For all of the reasons stated above, WOR's motion to dismiss or stay should be denied in all respects.

Dated: New York, New York
       August 10, 2007

                                            **WAESCHE, SHEINBAUM & O'REGAN, P.C.**
                                            Attorneys for Plaintiff

                                            By: _____/s/_____
                                                    John R. Keough, III (JK 6013)
                                                    Cody D. Constable (CC 6659)
                                                    111 Broadway, 4th Floor
                                                    New York, New York  10006
                                                    (212) 227-3550

**TO:**    William E. Zuckerman (WEZ 2700)
          J. Patrick Butler (JPB 2424)
          **KAUFF, MCCLAIN & MCGUIRE, LLP**
          Attorneys for Defendants
          950 Third Avenue, 14th Floor
          New York, New York 10022
          (212) 644.1010