UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD WALSH,<br><br>        Plaintiff,<br><br>  - against -<br><br>WOR RADIO a/k/a BUCKLEY BROADCASTING COMPANY,<br><br>        Defendant. | Index No. 003729/07<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PENDING ARBITRATION** |

Defendant Buckley Broadcasting Corporation ("BBC"), erroneously denominated WOR-Radio a/k/a Buckley Broadcasting Company in the Complaint, respectfully submits this reply memorandum of law in support of its motion to dismiss the Complaint filed by plaintiff Edward Walsh ("Walsh") pursuant to Federal Rule of Civil Procedure 12(b), the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), and the Labor-Management Relations Act, 29 U.S.C. § 141 *et seq.* (the "LMRA"), or, in the alternative, to stay the proceedings pending arbitration of plaintiff's claims.

## PRELIMINARY STATEMENT

In its moving brief, BBC demonstrated that the instant action alleging breach of an oral employment agreement should be dismissed or, alternatively, stayed pending arbitration of Walsh's claim. BBC's motion is supported by the following facts: First, Walsh's employment was covered by a collective bargaining agreement that requires all claims to be submitted to a grievance and arbitration procedure. Second, the alleged oral agreement, which Walsh has claimed adopted the terms of the prior,

Written Agreement,[1] also includes a broad agreement to arbitrate all disputes arising out of and in connection with the alleged agreement. And third, Walsh and his union, AFTRA, understood that they were bound by an agreement to arbitrate, as they have already submitted his claims to arbitration, and that proceeding is pending.

Walsh offers essentially three arguments opposing the motion. First, he argues that the relevant AFTRA grievance and arbitration provision cited by BBC is not, in fact, controlling if Walsh is not considered a "staff announcer" under the collective bargaining agreement (the "CBA") between BBC and AFTRA. Second, Walsh contends that the AFTRA grievance and arbitration provision, if applicable, is "unintelligible" or at best "ambiguous," (Walsh Br. at 5),[2] and therefore does not cover the instant claim. And third, Walsh suggests that the alleged oral agreement does not necessarily incorporate the arbitration provision expressly contained in the previous Written Agreement, even though his consistent position to BBC has been that the oral agreement Walsh and BBC entered into extended all of the terms of the Written Agreement for a new three-year period, with the only change being that the new agreement provided

---

[1] This brief uses certain capitalized terms which were defined in BBC's moving brief, Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration, dated July 3, 2007, cited herein as "BBC Br." Submitted with this brief is the Declaration of William E. Zuckerman, executed August 24, 2007, which is referred to herein as the "Zuckerman Declaration" and cited as "Zuckerman Decl." A court may consider evidence "presented by affidavit or otherwise" on a Rule 12(b)(1) motion. *Kamen v. AT&T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (citing *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976)).

[2] "Walsh Br." refers to Plaintiff's Memorandum of Law in Opposition to Defendant's motion to Dismiss or Stay Pending Arbitration, dated August 10, 2007; the accompanying Declaration of John R. Keough, III, executed August 10, 2007, is cited as "Keough Decl."

Walsh more vacation time.3

As demonstrated below, Walsh's arguments all fail. First, the AFTRA grievance and arbitration provision identified by BBC in its moving brief clearly applies to program hosts such as Walsh. Second, that provision clearly and unambiguously applies to "all disputes and controversies of every kind or nature" between Walsh and BBC relating to "any contract or engagement," including the instant claim alleging breach of an oral agreement between the parties. (BBC Br., Exhibit C at p. 31.) And third, while Walsh now vaguely suggests that the alleged oral agreement may not have included the agreement to arbitrate all claims that was contained in the prior Written Agreement, this suggestion is entirely inconsistent with Walsh's theory all along, which is that the alleged oral agreement extended all of the terms of the prior Written Agreement, except for vacation time, for a new three-year period.4 As such, the

---

3 Walsh also suggests that he should not have to proceed with the arbitration because BBC has not "notified" him that it is "appearing to defend the arbitration." (Walsh Br. at 1.) First, the applicable arbitration rules require no formal notification. (*See* BBC Br., Exhibit C at 31-32 and Exhibit E.) Second, and more importantly, the suggestion is disingenuous at best: counsel for the parties and for AFTRA have discussed the pending arbitration on a number of occasions; they agreed to stay the proceedings to explore settlement; and counsel for BBC even offered to seek to expedite the arbitration proceeding in exchange for Walsh's agreement to dismiss the instant case without prejudice, thereby sparing the parties the expense of filing this motion and the Court the time necessary to consider it. (Zuckerman Decl. ¶¶ 5-6 and Exhibit C.) Walsh's counsel rejected that offer. (*Id.* ¶ 6.)

4 BBC's moving brief stated in error that the Complaint specifically alleges that the parties agreed orally to extend all of the terms and conditions of the Written Agreement except for a change in vacation time. (BBC Br. at 3.) In fact, Walsh expressly made this assertion in a letter to WOR General Manager Robert Bruno, dated August 14, 2006, a true copy of which is attached as Exhibit A to the Zuckerman Declaration, and Walsh's counsel repeated the assertion in a number of discussions with BBC's counsel. (Zuckerman Decl. ¶¶ 2-3 and Exhibit A.)

Complaint should be dismissed or, at minimum, stayed pending the arbitrator's determination of the arbitrability of Walsh's claims.[5]

## ARGUMENT

### THE COMPLAINT SHOULD BE DISMISSED BECAUSE BOTH THE COLLECTIVE BARGAINING AGREEMENT AND THE ALLEGED ORAL AGREEMENT GOVERNING WALSH'S EMPLOYMENT CONTAIN BINDING AGREEMENTS TO ARBITRATE THE INSTANT CLAIM.

**A.   The Broad Agreement to Arbitrate Contained in the Collective Bargaining Agreement Governing Walsh's Employment Compels Dismissal of This Action.**

In its moving brief, BBC observed that it was a party to the CBA and that Walsh, an AFTRA member, was covered by a broad AFTRA grievance and arbitration provision. (BBC Br. at 10.) BBC further noted that a strong federal policy favors the arbitration of labor disputes, *see, e.g.*, *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960), and, indeed, that there is a presumption of arbitrability for disputes arising under a collective bargaining agreement that contains an arbitration provision. *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 650 (1986). Walsh does not dispute that he is an AFTRA member or the existence of the CBA, nor does he dispute the strong federal policy favoring arbitration or the presumption of arbitrability. Rather, he contends that BBC's view, articulated to Walsh's counsel, that Walsh is not a "staff announcer" under the terms of the CBA

---

[5] The "referral of 'any and all' controversies" to arbitration, the arbitration provision in the AFTRA agreements, "reflects such a 'broad grant of power to the arbitrators' as to evidence the parties' clear 'inten[t] to arbitrate issues of arbitrability.'" *Shaw Group, Inc. v. Triplefine Intern Corp.*, 322 F.3d 115, 121 (2d Cir. 2003) (quoting *PaineWebber, Inc. v. Bybyk*, 81 F.3d 1193, 1199-1200 (2d Cir. 1996)).

compels the conclusion that Walsh is not covered by the CBA and not subject to an AFTRA arbitration provision. This is plainly wrong.

As BBC demonstrated in its moving brief, there can be no question that Walsh is covered by a broad AFTRA arbitration provision that requires the parties to arbitrate the instant dispute. The CBA between BBC and AFTRA, (BBC Br., Exhibit B), generally covers staff announcers and staff newspersons, (*id.* at p. 1 (Article I(a)), but "[c]ertain limited portions of [the CBA] apply" to other AFTRA-covered employees, including "program hosts" such as Walsh, (*id.* at p. 2 (Article I(d)). Side Letter #5 to the CBA states that "except as otherwise provided" in the CBA and the side letter, BBC shall "abide by the terms and conditions of all of the National Code of Fair Practice and Local Codes where applicable, including the National Code of Fair Practice for Commercial Radio Broadcasting" (the "National Code"), with respect to its program hosts. (*Id.* at p. 51.)[6] Section 60 of the National Code, titled "Grievance and Arbitration," provides for the arbitration under the Labor Arbitration Rules of the American Arbitration Association of

> all disputes and controversies of every kind or nature . . . between [BBC] and any member of AFTRA, arising out of or

---

[6] Walsh's suggestion that Side Letter #5 requires only BBC (and not Walsh) to abide by the terms of the National Code, (Walsh Br. at 4), barely merits a response. The argument simply ignores the well-settled principle of labor law that Walsh, a member of AFTRA, is subject to the AFTRA collective bargaining agreements applicable to his employment, which in this case included the CBA and the National Code. *See e.g., United Steelworkers*, 363 U.S. at 577-81. Indeed, the Written Agreement, the term of which the alleged oral agreement allegedly extended (*see* Point B, *infra*), provides that "all disputes or controversies of any kind and nature arising out of and in connection with this Agreement shall be determined by arbitration in accordance with the grievance and arbitration provisions of the applicable AFTRA collective bargaining agreement." (BBC Br., Exhibit A, Terms and Conditions at p. 5, Section VII(3).)

> in connection with this [National] Code, and any contract or engagement . . . in the field covered by this [National] Code as to the existence, validity, construction, meaning, interpretation, performance, non-performance, enforcement, operation, breach, continuation or termination of this [National] Code and/or such contract or engagement.

(BBC Br., Exhibit C, Section 60(3) at p. 31.)[7] It further provides that "the parties agree that the provisions of this Paragraph (the grievance and arbitration provision) shall be a complete defense to any suit, action or proceeding instituted in any Federal, State or local court." (*Id.* at p. 32.)

Walsh's further contention that the arbitration provision in the National Code is "unintelligible" or "ambiguous" is refuted by the plain, broad, inclusive words of the provision. (*See* BBC Br., Exhibit C at p. 31.) Far from unintelligible, the provision unambiguously covers "all disputes" between BBC and "any member of AFTRA," including the instant claim, and all claims arising out of "any contract or engagement" as to the "existence, . . . performance, nonperformance, operation, [or] breach . . . of . . . such contract or engagement." (*Id.*)

Walsh's claims, therefore, that he was not bound by the AFTRA grievance and arbitration provision and that the provision does not cover the instant dispute are without merit. Indeed, Walsh and AFTRA both understood that they were required to arbitrate his claim, as evidenced by their voluntary filing of a demand for arbitration, which is pending. *See, e.g., Morrison v. Colorado Permanente Medical Group, P.C.*, 983 F. Supp. 937, 944 (D. Colo. 1997) ("plaintiffs' conduct (in commencing arbitration)

---

[7] Although Walsh argues that the National Code is unauthenticated, the issue is put to rest by the accompanying Zuckerman Declaration. (Zuckerman Decl. ¶ 4, Exhibit B.)

is a clear indication of their recognition of the existence, as a matter of fact, of the agreement to arbitrate").

> B. **The Broad Agreement to Arbitrate Incorporated into the Alleged Oral Agreement Compels Dismissal of This Action.**

As BBC demonstrated in its moving brief, the Written Agreement contains a provision by which the parties agreed that all disputes arising out of or connected with the Written Agreement would be subject to binding arbitration. (BBC Br. at 3-4 and Exhibit A thereto.)  As previously discussed (*see* note 4, *supra*), Walsh's theory behind his claim that he had a binding oral agreement to extend his employment as a program host for WOR Radio for a new three-year term is that the alleged oral agreement extended the substantive terms of the Written Agreement in all respects except that his alleged oral agreement permitted him four weeks of paid vacation per year rather than the three weeks specified in the Written Agreement.

Although Walsh correctly observes that the Complaint avoids specifically alleging that the purported oral agreement extended the substantive terms of the Written Agreement (including the arbitration provision), he cannot bring himself to deny that his theory of the case is just that.  Indeed, Walsh's letter to BBC dated August 14, 2006, expressly makes such an assertion and Walsh's counsel repeated the contention to BBC's counsel during discussions between them. (Zuckerman Decl. ¶ 2 and Exhibit A.)

In summary, Walsh's very basis for claiming that he reached an oral agreement with BBC is that the parties orally agreed that the terms of the Written Agreement, including the agreement to arbitration all disputes, would be extended for a

new three-year term. As such, the alleged oral agreement, if it could be said to have existed at all, necessarily required the arbitration of disputes arising from it.

### CONCLUSION

Walsh properly demanded arbitration, pursuant to the AFTRA grievance and arbitration provision and the agreement to arbitrate that was part of any alleged oral agreement. BBC is ready to defend the arbitration proceeding Walsh and AFTRA have commenced. Walsh's half-hearted suggestion that BBC is not prepared to arbitrate is entirely unsupportable. (*See* note 3, *supra*.) The Court should not permit Walsh to pursue his claims simultaneously in dual forums. This case should be dismissed, or alternatively stayed, and the arbitration demanded by Walsh should proceed.

Dated: New York, New York
August 24, 2007

KAUFF McCLAIN & McGUIRE LLP

By: _____
William E. Zuckerman (WEZ-2700)
J. Patrick Butler (JPB-8484)

950 Third Avenue, Fourteenth Floor
New York, New York 10022
(212) 644-1010

Counsel for Defendant
Buckley Broadcasting Corporation