UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD WALSH,

                                    Plaintiff,

            - against -

WOR RADIO a/k/a BUCKLEY
BROADCASTING COMPANY,

                                    Defendant.

---

Index No.  003729/07

DEFENDANT'S MEMORANDUM
OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION

---

Defendant Buckley Broadcasting Corporation ("BBC"), erroneously

denominated WOR-Radio a/k/a Buckley Broadcasting Company in the Complaint,

respectfully submits this memorandum of law in opposition to the motion of plaintiff

Edward Walsh ("Walsh") for reconsideration of this Court's Decision and Order, dated

January 24, 2008 (the "Decision"), dismissing the Complaint.

## PRELIMINARY STATEMENT

In its Decision the Court dismissed the Complaint alleging breach of an oral

contract, finding "that under either of BBC's theories, the parties' dispute is subject to

arbitration." (Decision at 3.)  Those theories are, first, that the alleged oral agreement,

which Walsh has claimed adopted the terms of the prior, Written Agreement,[1] also

includes a broad agreement to arbitrate all disputes arising out of and in connection with

---

[1] This brief uses certain capitalized terms which were defined in BBC's moving brief, Defendant's
Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, to Stay
Pending Arbitration, which is cited herein as "BBC Br."  Plaintiff's Memorandum of Law in
Support of Motion to Reconsider January 24 Opinion and Order and Judgment Dated January 30
is cited herein as "Walsh Br."

the alleged agreement, and, second, that Walsh's employment was covered by a collective bargaining agreement requiring that all claims be submitted to a grievance and arbitration procedure.

Walsh asserts four grounds in furtherance of his motion for reconsideration. First, he contends that the Court "overlooked" an issue of fact as to whether the parties had an agreement to arbitrate, and he wrongly claims that BBC "failed to produce an arbitration clause" in the standard terms and conditions which were attached to the Written Agreement. (Walsh Br. at 1-2.) Second, he claims that the alleged oral contract did not, in fact, adopt and extend the terms of the Written Agreement. (*Id.* at 2.) Third, Walsh asserts that the Court erred in failing to find a written agreement to arbitrate under the Federal Arbitration Act (the "FAA"). (*Id.*) And fourth, he argues that the Court could not have concluded that Walsh was employed as a program host under the collective bargaining agreement (the "CBA") without having made the finding that he "was employed as a program host under the oral contract." (*Id.*)

None of Walsh's asserted grounds should lead the Court to disturb its amply supported Decision. Indeed, the Court expressly considered and rejected much of what Walsh now again raises on the instant motion. Briefly, the four supposed grounds Walsh identifies amount to only two contentions, given that his "First," "Second," and "Third" grounds really assert the same thing — that the Court erred in finding that "any oral contract entered into would have contained an arbitration clause identical to that of the Written Agreement." (Walsh Br. at 2.) But the Decision addressed and dispensed with this very issue, finding Walsh's attempted rebuttal of that conclusion to be "unpersuasive." (Decision at 7.) Walsh's supports his remaining ("Fourth") ground by claiming that the Court cannot find Walsh to be covered under the CBA without first

-2-

establishing the existence of the oral contract, a theory that is defeated by the very terms

of the CBA's grievance and arbitration provision, which expressly encompasses all

disputes arising over the "existence" of any "contract or engagement." (BBC Br., Exhibit

C, Section 60(3) at p. 31.) In short, Walsh's motion should be denied.

### ARGUMENT

### THE COURT SHOULD DENY WALSH'S MOTION BECAUSE HE HAS FAILED TO JUSTIFY A RECONSIDERATION OF THE DECISION.

Walsh attempts to buttress his asserted grounds supporting his motion with

arguments that all plainly lack merit. Each calls for only a brief response.

First, Walsh seeks to call into question the Court's finding that the Written

Agreement contained an arbitration provision, by arguing that the Court erred in

concluding that the Written Agreement incorporated the same standard terms and

conditions as were attached to a predecessor written agreement, (Walsh Br., Point I at 3),

notwithstanding that the undisputed evidence submitted by BBC demonstrates that very

fact. (BBC Br., Exhibit A.) In his effort to rebut the unremarkable fact that the Written

Agreement expressly incorporated the same standard terms as its predecessor, Walsh

offers not evidence, but only an unsupported statement in his brief.   (Walsh Br. at 3.)

With no evidence, he is reduced to suggesting that the Court's own call to BBC's counsel

to confirm that that the Written Agreement incorporated the standard terms constituted

reversible error.   (*Id.* at 4.)

Second, Walsh argues that the alleged oral agreement did not extend the

term of the Written Agreement *per se* but, rather, was "based upon terms of the Written

Agreement." (Walsh Br., Point II at 4.) From this semantic distinction Walsh claims that

the Court could not have found an agreement to arbitrate without having concluded that

the alleged oral contract in fact existed. (*Id.*) But based upon the evidence the Court did not agree. Without reaching the merits of Walsh's claim, the Court concluded that "any oral contract" would have contained an "arbitration clause identical to that of the Written Agreement." (Decision at 7.) Walsh apparently now for the first time contends that the terms of the alleged oral contract differ from the terms of the Written Agreement in ways other than the amount of vacation time. If Walsh believed that there were other distinctions between the Written Agreement and the alleged oral contract, he could have submitted an affidavit to that effect in response to BBC's motion. He chose not to.

Third, Walsh asserts that the Court erred by relying on the FAA, because that statute requires a written agreement for arbitration and the alleged oral contract does not contain a written arbitration agreement. (Walsh Br., Point III at 5-7.) The law is well settled, however, that while the agreement to arbitrate must be in writing, that agreement need not be signed by the parties as the operative agreement demonstrating that they are contractually bound. *See, e.g., Fissure v. International Bank*, 282 F.2d 231, 233 (2d Cir. 1960) (the FAA "merely requires that the arbitration provision itself be in writing"; "[o]rdinary contract principles determine who is bound by such written provisions and of course parties can become contractually bound absent their signatures"); *O'Brien v. Anchor Processing Co., Inc.*, No. 90 Civ. 7519, 1991 WL 120458, *4 (Jun. 26, 1991 S.D.N.Y.) (Mukasey, J.) (employer bound by an arbitration provision in collective bargaining agreement that was extended by memoranda of agreement). Here, the parties signed an agreement to arbitrate contained in the Written Agreement (and its predecessor) and thereafter allegedly agreed to an oral contract based upon the terms of the Written Agreement, including the arbitration provision. In sum, the arbitration provision in the Written Agreement satisfies the FAA.

Finally, Walsh contends that BBC's denial of the existence of the oral contract precludes BBC from sustaining the position that Walsh is covered under the CBA. (Walsh Br., Point IV at 7-8.)  As mentioned above, however, the CBA's arbitration provision encompasses all disputes arising over the "existence" of any "contract or engagement." (BBC Br., Exhibit C, Section 60(3) at p. 31.)

## **CONCLUSION**

For all of the foregoing reasons, and for the reasons set forth in BBC's moving papers, the Court should deny Walsh's motion.  Further, given the frivolous nature of the motion, the Court should order Walsh to pay BBC's attorney's fees and costs associated with this opposition. *Cf. O'Brien, supra,* *8 (awarding attorney's fees and costs pursuant to Rule 11 for frivolous denial of duty to arbitrate).

Dated: New York, New York
       February 27, 2008

KAUFF McCLAIN & McGUIRE LLP

By:         _____
           William E. Zuckerman (WEZ-2700)
           J. Patrick Butler (JPB-8484)

           950 Third Avenue, Fourteenth Floor
           New York, New York 10022
           (212) 644-1010

           Counsel for Defendant
           Buckley Broadcasting Corporation

4852-9508-4290.1