```
                                                    USDS SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 2-29-08
------------------------------------X
EDWARD WALSH,                        :
                                     :  07 CV 3729 (VM)
                    Plaintiff,       :
                                     :  DECISION AND ORDER
     -  against  -                   :
                                     :
WOR RADIO a/k/a BUCKLEY              :
BROADCASTING COMPANY,                :
                                     :
                    Defendant.       :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

## I.  BACKGROUND

By Decision and Order dated January 24, 2008 (the "Order")[1], the Court determined that the dispute in this action is governed by an arbitration agreement, and granted the motion of defendant WOR Radio a/k/a Buckley Broadcasting Company ("WOR") pursuant to Federal the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 to dismiss the complaint.

Plaintiff Edward Walsh ("Walsh") now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. In support of the instant motion, Walsh's submission substantively reiterates essentially the same arguments made in underlying matter, points that this Court fully

---

[1] The Decision and Order is reported as Walsh v. WOR Radio, No. 07 Civ 3729, 2008 WL 240993 (S.D.N.Y. Jan. 24, 2008).

considered and found meritless, and also contends that the Court improperly relied on ex parte communications with defendant's counsel that may have affected the outcome.

## II.  **STANDARD OF REVIEW**

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litg., 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (citations and quotation omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). To these ends, a request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be

-2-

expected to alter the conclusion reached by the court.  See
Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.
1995).

Local Rule 6.3 is intended to "'ensure the finality of
decisions and to prevent the practice of a losing party ...
plugging the gaps of a lost motion with additional
matters.'"  S.E.C. v. Ashbury Capital Partners, No. 00 Civ.
7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting
Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170
(S.D.N.Y. 1988))).  A court must narrowly construe and
strictly apply Local Rule 6.3 so as to avoid duplicative
rulings on previously considered issues and to prevent the
Rule from being used to advance different theories not
previously argued, or as a substitute for appealing a final
judgment.  See Montanile v. Nat'l Broad Co., 216 F. Supp. 2d
341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors
Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

### III.  DISCUSSION

Walsh urges reconsideration on the basis of the same
arguments that were raised in the original motion.  The
motion at hand cites no controlling law or factual matters
the Court overlooked that might reasonably be expected to
alter the outcome of the Order.  Indeed, the Court took into

-3-

account and rejected the various considerations Walsh asserts as grounds for this motion.

Specifically, Walsh asserts that the Court overlooked (1) that a factual issue exists over whether the Written Agreement between the parties contained an arbitration clause; (2) that the oral contract did not extend the terms of the prior contract; (3) that the agreement to arbitrate must be in writing; and (4) that plaintiffs cannot be governed by the Collective Bargaining Agreement (CBA) unless employed under the oral contract. The Court's decision, however, expressly considered the terms of the alleged oral contract, and found Walsh's position to be unpersuasive, particularly in light of the letter written by Walsh to BBC General Manager Robert Bruno. (See Letter to Robert Bruno ("Walsh Letter"), dated Aug. 14, 2006, attached as Ex. A to Defendant's Reply Brief in Support of its Motion to Dismiss.) The Court also finds that there are no factual issues regarding the arbitration agreement contained in Written Agreement. Rather, as stressed by the Court in the Order, as alleged by Walsh, any oral contract would have incorporated the arbitration agreement contained in his previous written contract.

Walsh's third point is simply incorrect. With regards to an agreement to arbitrate, the FAA requires only that the

-4-

arbitration provision be in writing, as was the case here, and not that the parties' entire contract itself be in writing.    Fisser v. International Bank, 282 F.2d 231, 233 (2d Cir. 1960) ("[T]he Act contains no built-in Statute of Frauds provision but merely requires that the arbitration provision itself be in writing.    Ordinary contract principles determine who is bound by such written provisions.")    The Court found that if the parties had entered into a valid oral agreement, such agreement would have incorporated by reference the terms of the written arbitration agreement contained in their previous contract.

Walsh's fourth point is also meritless. The application of the CBA to Walsh's claim that he has an oral contract as a program host is not dependent on the Court finding that the oral contract he alleged actually existed.    Rather, by the express terms of the CBA, arbitration is mandated for any disputes as to "the existence of ... any such contract or engagement."    (See National Code at ¶ 60, attached as Ex. C to Defendant's Memorandum of Law in Support of its Motion to Dismiss.)

Finally, what Walsh characterizes as ex parte communications with defendant's counsel regarding the written arbitration clause were simply procedural inquiries by the Court's law clerk to ascertain that the public record

of this action in the Court's official file was complete, as WOR's electronic submissions were incomplete, and defendant's counsel had failed to submit courtesy copies to the Court, as required by the Court's Individual Practices. When defendant's counsel submitted the written arbitration agreement for the contract dated September 28, 2000, the Court's law clerk called defendant's counsel to confirm that the correct document had been received. When notified that Exhibit A as originally filed was clearly incomplete, defendant's counsel should have corrected the submission on the docket. These communications entailed no substantive discussions of any kind, or other contact bearing in any way on the merits of the Court's ruling.

Regardless, whether or not these communications were procedurally inappropriate, as Walsh contends, the Court also specifically found that Walsh was compelled to arbitrate on alternative grounds, namely the CBA. As to that aspect of the Court's decision, Walsh's argument for reconsideration utterly fails to present any new factual or legal issue or controlling law that the Court overlooked. In essence, Walsh's challenge reduces to his taking issue with the Court's conclusion on the merits. That disagreement should be vented properly on appeal, not on a motion for reconsideration. Consequently, even if the Court

were to set aside its ruling as it pertains to the existence of a valid arbitration agreement in writing, the communications Walsh raises as an issue were not prejudicial to him, because this issue would not alter the outcome of the ruling.

Because Walsh has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider and would have changed the result, Walsh's motion for reconsideration is DENIED.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion of plaintiff Edward Walsh ("Walsh") for reconsideration (Docket No. 18) of the Court's Decision and Order dated January 24, 2008, is DENIED.

**SO ORDERED:**

Dated:    New York, New York
          29 February 2008

                              _____
                                 VICTOR MARRERO
                                    U.S.D.J.

-7-